# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5246 | **DATE** | September 26, 2011 |
| **CASE TITLE** | David Thurman (B36829) vs. Marcus Hardy | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. Nos. 4, 5) is granted. The Court authorizes and orders plaintiff's trust fund official to deduct $16.89 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. The plaintiff is granted thirty days to submit a proposed amended complaint (plus a Judge's copy and service copies) limited to a single, core claim in accordance with this order. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order. Failure to submit a proposed amended complaint within thirty days will result in summary dismissal of this case.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Pro se plaintiff David Thurman, a prisoner at the Stateville Correctional Center, has brought a civil rights complaint pursuant to 42 U.S.C. § 1983 against Stateville Correctional Center Warden Marcus Hardy regarding his treatment at Stateville. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. Nos. 4, 5), and complaint for an initial review under 28 U.S.C. § 1915A. (Dkt. No. 1).

     The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. Nos. 4, 5), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $16.89. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

     Turning to the initial review of plaintiff's complaint, (Dkt. No. 1), plaintiff has brought two sets of unrelated claims regarding his treatment at Stateville. This is unacceptable. A prisoner is limited to one core group of related claims per suit under the Prison Litigation Reform Act and the Federal Rules of Civil Procedure. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). Here, the plaintiff brings a first group of related claims regarding his treatment in

| STATEMENT |
|---|

segregation: (1) less exercise than other inmates; (2) lack of sanitary water when exercising; and (3) lack of cable television. These claims are unrelated to his other claim that the State of Illinois has improperly taken approximately $2,500 dollars from his prison trust fund account to pay for his health and security expenses.

Thus, plaintiff's complaint is dismissed without prejudice. The plaintiff must choose a single, core claim to pursue under this case number, the segregation claims or the trust fund account claim. The other claim along with any other additional claims the plaintiff wishes to prosecute must be brought in separate lawsuits. He should also be aware that he will be responsible for a new filing fee and must comply with the requirements of the PLRA for each new suit he brings. It would be in plaintiff's best interest to conduct preliminary research into his claims before refiling them in a new suit.

The plaintiff is granted thirty days from the date of this order to submit a proposed amended complaint on the Court's required form. The plaintiff must write both the case number and the Judge's name on the proposed amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, the plaintiff must provide an extra copy for the Judge; he must also submit a service copy for each defendant named in the proposed amended complaint. The plaintiff is cautioned that the proposed amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations the plaintiff wishes the Court to consider must be set forth in the proposed amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the Court to consider in its threshold review of the proposed amended complaint must be attached, and each copy of the proposed amended complaint must include complete copies of any and all exhibits.

The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed in its entirety.

In summary, the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. Nos. 4, 5) is granted. The Court authorizes and orders plaintiff's trust fund official to deduct $16.89 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. The plaintiff is granted thirty days to submit a proposed amended complaint (plus a Judge's copy and service copies) limited to a single, core claim in accordance with this order. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order. Failure to submit a proposed amended complaint within thirty days will result in summary dismissal of this case.